Keating, J.
(dissenting). In my view, the appellant is totally without ‘ ‘ standing ’ ’ to challenge the validity of the wiretap or the validity of the subsequent search.
Whether probable cause existed to authorize the tap or to justify the search is irrelevant so far as the appellant is concerned. His wire was not tapped and his premises were not searched. In brief, his privacy was not invaded.
We must remember that privacy is the essence of the Fourth Amendment and that the exclusion of evidence is merely the *512 mode adopted to fully secure it.' The right is personal, and, where a person’s privacy has not been violated, he has no cause to complain merely because the violation of another person’s right (if that be the case) reveals evidence incriminating him. (See People v. Portelli, 15 N Y 2d 235.) Thus, in Jones v. United States (362 U. S. 257, 261), upon which the majority relies, Justice Frankfurter said:
“ The restrictions upon searches and seizures were obviously designed for protection against official invasion of privacy and the security of property. They are not exclusionary provisions against the admission of kinds of evidence deemed inherently unreliable or prejudicial. The exclusion [of such evidence] is a means for making effective the protection of privacy.
‘ ‘ Ordinarily, then, it is entirely proper to require of one who seeks to challenge the legality of a search * * * that he himself was the victim of an invasion of privacy.”
Two grounds existed for the decision in Jones, neither of which, in my view, is present here.
In J ones, the basic element of the crimes charged was possession and, as the Supreme Court pointed out, the lower courts were requiring the petitioner to assert possession in order to establish standing. Thus, the petitioner was, in effect, being required to confess to the crime in order to challenge the search. As Justice Frankfurter said (362 U. S., supra, pp. 263-264), “ It is not consonant with the amenities, to put it mildly, of the administration of criminal justice to sanction such squarely contradictory assertions of power by the Government.”
Second, the court in Jones held that the petitioner, who was using a friend’s apartment, had a sufficient interest in the premises to claim a right of privacy therein and that he need not own the apartment to do so.
In the present case, of course, the appellant does not (and apparently cannot) claim that he owned the telephone tapped or the premises searched. Indeed, for all that appears, his primary concern throughout was to avoid any interest or contact with the phone or premises.
As to the other point, I would only comment that if, as the proof seems to indicate, the appellant was no more than a “user” of the phone — in the limited sense that others used it in furtherance of his criminal purposes — this falls short of’ *513 the rationale of Jones. The appellant is not charged with possession. He need not admit the crime in order to challenge the tap and the search. He need only indicate that some right of his to privacy was violated, and this, quite clearly, he is unable to do.
It is, to my mind, quite irrelevant that the appellant is charged with conspiring with the owners of the phone and the possessors of the apartment. The charge resulted from the fruits of the tap — but the fact that the tap revealed appellant’s participation did not ipso facto give appellant standing to challenge either.
The judgment should be affirmed.
Chief Judge Desmond and Judges Van Voorhis, Burke and Bergan concur with Judge Fuld; Judge Keating dissents and votes to affirm in an opinion in which Judge Scileppi concurs.
Determination of the appeal withheld and the case remitted to the District Court, Nassau County, for further proceedings in accordance with the opinion herein.